**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES DISTRICT COURT
FILED
SEP 18 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

---

MICHAEL J. HALLMARK,

Plaintiff,

v.

TAKATA CORPORATION,
TK HOLDINGS, INC.,
AMERICAN HONDA MOTOR CO., INC.,
HONDA OF AMERICA MFG., INC.,
WEST HERR AUTO GROUP,
WEST HERR DOE DEFENDANTS 1-3,

Defendants.

---

**COMPLAINT**
**23 CV 981-V**

**CASE NO.:_____**

---

### PRELIMINARY STATEMENT

1.  On September 27, 2020, Plaintiff was gravely and permanently injured in an auto accident.  The grave and permanent injuries that the Plaintiff sustained were not due to the collision. The defective Takata airbags installed in Plaintiff's 2011 Honda Accord caused the injuries—injuries that could have been avoided or treated such that Plaintiff could have resumed his normal activities.  However, the Honda Defendants' decision to continue installing airbags it knew to be potentially lethal as the airbags had resulted in needless deaths for years prior to causing Plaintiff's catastrophe is to blame for Plaintiff now being permanently disabled and constantly in pain.

2.  The Takata airbag scandal represents one of the most significant and far-reaching automotive safety crises in recent history which, according to the National Highway Traffic Safety Administration ("NHTSA"), resulted in the largest and most complex

1

safety recall in U.S. History. While the scandal affected 19 automakers, the Honda
Corporation was most culpable.

3. As early as 2004, Honda became aware of an airbag rupture in one of its vehicles but
claimed to have considered it an anomaly. Evidence later revealed that Honda was
more deeply aware of the issues than initially reported. Internal documents and
subsequent investigations showed that Honda was aware of tests and information
suggesting flaws in Takata's airbags long before the scandal broke into public
awareness. Honda decided to continue using the Takata's airbags rather than using
another airbag manufacturer because Takata's airbags were inexpensive. Four
Automakers Knew of Takata Airbag Hazard for Years, Suit Says, New York Times
Feb. 28, 2017

4. The core issue of the scandal centered on the airbags produced by Takata, which
were found to be prone to explode upon deployment, sending metal shrapnel into the
vehicle's cabin. The culprit was the ammonium nitrate-based propellant used in the
inflators, which was sensitive to moisture and temperature changes. Over time, the
propellant could degrade, leading to the violent explosions. This defect resulted in
countless injuries and fatalities across the globe.

5. The scandal gave rise to class action lawsuits being filed in federal courts around the
country and multidistrict litigation ("MDL"). After an extensive investigation by the
U.S. Department of Justice, Takata agreed to plead guilty to wire fraud and pay a
total of $1 billion in criminal penalties  stemming from the company's fraudulent
conduct in relation to sales of defective airbags. An indictment was also unsealed
charging three Takata executives with wire fraud and conspiracy in relation to the
same conduct. The DOJ press release stated:

For more than a decade, Takata repeatedly and systematically falsified critical test data related to the safety of its products, putting profits and production schedules ahead of safety," said Fraud Section Chief Weissmann. "This announcement is the latest in the automotive industry enforcement actions the Fraud Section has taken to protect U.S. consumers against fraud. . . .Whether it is the manipulation of test results which impact customer safety, defective product development or any other type of fraud, we will continue to aggressively investigate corporate fraud allegations to protect consumers in the United States and elsewhere.

6.  In addition to the federal litigation and scathing indictment of the Takata Corporation and three of its executives by the Justice Department, 48 state Attorneys General brought consumer protection actions against Honda, which culminated on August 25, 2020 in a Consent Decree and an $850 Million multi-state settlement.

7.  Plaintiff brings this action as one of the consumers victimized by actions and inaction that was investigated, punished, and enjoined by the federal and state governments.

## PARTIES

**Plaintiff**

8.  Plaintiff Michael J. Hallmark is a citizen of New York and a resident of Cheektowaga, Erie County, New York.

**Defendants**

9.  Defendant Takata Corporation ("Takata") is a foreign for-profit corporation with its principal place of business is ARK Hills South Tower 4-5 Roppongi 1-Chome, Minato-ku, Tokyo, 106-8488.

10. Defendant TK Holdings Inc. ("TK Holdings") is a subsidiary of Takata Corporation and its principal place of business is 2500 Takata Drive, Auburn Hills, Michigan

3

48326. TK Holdings sells, designs, manufactures, tests, marks, and distributes

Takata airbags in the United States.

11. Defendant American Honda Motor Co., Inc. is a corporation located at 1919 Torrance

Boulevard, Torrance, California, 90501.

12. Defendant Honda American Mfg. Inc., is a corporation located at 24000 Honda

Parkway, Marysville, Ohio, 43040.

13. Defendants West Herr Auto Group and West Herr Does 1-3 are the dealership that

sold the Vehicle to Plaintiff and three unnamed managers and sales staff,

respectfully.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

1. This Court has federal question under 28 U.S.C. § 1331. The Court has diversity

jurisdiction because Plaintiff and the Defendants are citizens of different states, and

the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.

§1332.

2. This court may exercise supplemental jurisdiction over the state claim against Herr

Honda because this defendant is a part of the chain of distribution of a defective

product and its conduct complained against is so related to the federal and diversity

claims that they form part of the same case or controversy. 28 U.S.C. § 1367

### *In Personam* Jurisdiction

3. This Court has personal jurisdiction over Plaintiff he is domiciled in Erie County,

NY. This Court *in personam* jurisdiction over Defendants because they introduce

their products for sale into the stream of commerce and thereby conduct substantial

business in this District.

### Venue

4. Venue is proper in Western District of New York because a substantial part of the events or omissions giving rise to these claims occurred in this District, and the harm to Plaintiff occurred in this District. 28 U.S.C. § 1391(a)

### STATEMENT OF FACTS

5. On February 1, 2016, Plaintiff purchased a 2011 Honda Accord bearing the vehicle identification number 1HGCP2F84BA077714 ("the Vehicle") from West Herr Defendants.

6. On September 27, 2020, Plaintiff was traveling as a passenger in the Vehicle when he was in an automobile accident.

7. As a result of the accident, Plaintiff has been diagnosed with multiple serious injuries, most notably traumatic brain injury, ongoing intractable post-traumatic headaches with visual disturbances, altered depth perception, visual tracking difficulties, light sensitivity, dizziness, and motion sickness; ongoing cognitive problems, including but not limited to: memory loss, impaired concentration, difficulties with executive function, and confusion; pseudobulbar affect, which is a neurological condition that causes involuntary outbursts of uncontrolled or inappropriate laughing or crying, due to a disconnect between the frontal lobe of the brain (which controls emotions) and the cerebellum and brain stem (which mediate reflexes);

8. Plaintiff has been recommended for two surgeries: (1) an anterior cervical discectomy and fusion; and (2) a reconstructive arthroscopic surgery for the ulnar-sided TFCC-tear in his right wrist.  Plaintiff's injuries also include:

Spinal and Neck Injuries:

Herniation of the spinal discs between his fifth-to-the-sixth and his sixth-to-the seventh cervical vertebrae, resulting in spinal and foraminal stenosis.
Bulges/protrusions of the spinal discs at his third-to-the fourth cervical and his seventh cervical to the first thoracic vertebrae, resulting in spinal and foraminal stenosis, cervical radiculitis, and unremitting radiculopathy.
Loss of full, pain-free, physiologic spinal range of motion.
Complex orthopedic spinal surgery still required: two-level anterior cervical discectomy and fusion of the fifth-to-the-seventh discs in his cervical spine, or artificial cervical disc placement.
Cervical sprain/strain injury with cervical ligamentous instability.
Lumbosacral sprain/strain injury with lumbosacral radiculitis.
Myofascial trigger points and spasms throughout his spinal musculature bilaterally.
Ongoing neck pain radiating to the right scapula.

Wrist and Hand Injuries:

Right wrist triangular fibrocartilage complex (TFCC) tear.
Right scapholunate ligament tear.
Right wrist sprain/strain injury/tear of the ulnocarpal ligament.
Right hand diffuse digital flexor tenosynovitis.
Need for complex, reconstructive orthopedic hand surgery: arthroscopy and possible open ligament repair.
Ongoing right wrist pain.

Shoulder Injuries:
Bilateral shoulder rotator cuff tendinitis (impingement syndrome).
Partial thickness rotator cuff tear.
Bilateral shoulder acromioclavicular (AC) joint sprain.
Bilateral post-traumatic AC joint arthrosis (arthritis).
Right shoulder sprain/strain injury and right shoulder impingement syndrome.
Shoulder and ongoing paresthesias in his right arm and hand.
Knee and Lower Extremity Injuries:
Oblique tear of the posterior horn of his right medial meniscus.
Chondromalacia patella of his right knee.
Anterior right knee pain with clicking.

Mental Health and General Ailments:

Panic disorder.
Immediate onset of radiating neck, upper back, right shoulder, low back and tailbone pain, numbness, tingling, and twitching in his right hand, and pain and numbness in his right wrist.
Need for protracted courses of prescribed outpatient physical therapy, occupational therapy, acupuncture treatments, chiropractic manipulations, vestibular therapy, cervical traction, and home exercise program.
Need for ongoing medical care, advice, and treatment in the future.
Loss of independence and inability to independently perform even simple activities of daily living; loss of income and inability to work.

Slow, deliberate movements and abnormal gait.
Ongoing pain and suffering; loss of enjoyment of life; loss of consortium.

9. Plaintiff trusted that Vehicle manufactured the vehicle such that it was safe to operate in the manner intended by any consumer and would have sustained minor injuries but for the conduct and inaction of the Defendants.

10. On knowledge and belief, the Honda Defendants ordered a "stop sale" to all dealerships before February 1, 2016.

11. The "stop sale" required auto dealerships to cease the sale of new Honda cars due to the defective airbags and alerted its dealerships of some used Honda being subject to recall.

12. On September 27, 2018, the NTSB issued Recall Number18V-661 for the Vehicle, Manufacturer Recall NumberM2J.

13. NHTSA Recall Number18V-661 identified the safety risk as follows: "[i]n the event of a passenger frontal airbag inflator rupture, metal fragments could pass through the airbag cushion material, potentially resulting in injury to vehicle occupants."

14. On May 16, 2019, the NHTSA issued Recall Number 19V378000 citing "[a]n incorrectly installed air bag inflator may not properly deploy the passenger frontal air bag in the event of a crash, increasing the risk of injury."

15. On November 26, 2019,  19E080 the NHTSA campaign warned that "[i]n the event of a crash necessitating air bag deployment, an inflator rupture may result in metal fragments striking the driver or other occupants. An underinflated air bag may not properly protect the occupant. These scenarios increase the risk of serious injury or death."

16. The Plaintiff did not receive notice from Honda of any of the recalls listed above.

7

17. This failure to warn is the actual and proximate cause of Plaintiff's grave injuries and permanent disability; and, as discussed below, each of the Defendants owed Plaintiff a duty to warn him of the risks associated with each of the recalls.

18. The Defendants' failure to warn is evident from the status of the Vehicle as of the filing date of this lawsuit. As of September 17, 2023, the NHTSA lists Vehicle on its recall website as "recall incomplete

**Count I**
**Fraudulent Concealment**
**(Takata Defendants)**

19. Plaintiff realleges and incorporates by reference herein each and every allegation in the preceding paragraphs.

20. Evidence in the *In Re: Takata Airbag Products Liability Litigation* Honda Settlement No. 15-MD-2599-FAM and the guilty pleas to criminal charges by Takata and three of its executives prove that for over a decade, prove that Takata knowingly sold millions of defective airbags to Honda Defendants (as well as other manufacturers).

21. Plaintiff purchased the Vehicle with Takata's defective airbags and was almost killed in an automobile accident because of it.

22. But for Takata's well documented, decades long practice of violating federal law by concealing dangers and substantial likelihood that consumers would be gravely injured or killed by operating automobiles equipped with their airbags, Plaintiff would not have purchased any vehicle equipped with Takata's airbags.

23. Takata's uncontroverted fraudulent concealment is the actual and proximate cause of Plaintiff's physical injury, permanent disability, pain and suffering, and economic loss.

**Count II**

**Fraudulent Concealment in Violation of 49 C.F.R. § 1.95. 2.**
**Or, in the Alternative, Failure to Warn**
**(Honda Defendants)**

24. Plaintiff realleges and incorporates by reference herein each and every allegation in the preceding paragraphs.

25. Under the Safety Act, a manufacturer of motor vehicles has a duty to notify NHTSA and owners, purchasers, and dealers of a vehicle if the manufacturer learns the vehicle contains a defect and decides in good faith that the defect is related to motor vehicle safety.

26. Honda knew as early as 2004 that the Takata airbags that Honda manufacturers installed in its vehicles were defective.  In fact, the Takata litigation revealed communications from Honda to both Takata and eventually to the  NTSB.   *See* Exhibit B, *In re Takata Airbags* MDL Final Settlement 2017

27. On knowledge and belief, Honda reported the danger or grave bodily harm or death that could result from the airbags in a car collision, yet Honda Defendants continued to install the airbags in most of its vehicles, one of which Plaintiff purchased.

28. Plaintiff would not have purchased the Vehicle had he known that the airbags-- components responsible for safety of the passengers—were compromised, let that the airbag was a *de facto* dangerous instrumentality.

29. As a consequence of Honda's fraudulent concealment of a dangerous instrumentality, Plaintiff purchased the Vehicle which was the <u>foreseeable</u> actual and proximate cause of the grave injury and permanent disability to the Plaintiff.

30. On August 25, 2020, the Attorney General of the State of New York filed a state Complaint against Honda alleging violations of consumer protections laws by

   (1) Advertising, promoting, communicating, or otherwise representing in a way that is unfair, false, misleading, and/or deceptive (a) its Airbags, (b) the safety of its Airbags, (c) the safety of any

9

components of its Airbags, including, but not limited to, ammonium nitrate, and (d) the overall safety of its vehicles, in trade or commerce in violation of New York law

(2) Representing that its Airbags or any components of the Airbags, including, but not limited to, ammonium nitrate, have uses, benefits, and characteristics which they do not have, in violation of New York law

(3) Representing that its Airbags or any components of its Airbags, including, but not limited to Airbags, and contemporaneous Consent Decree was aware of the issues with the Takata airbags , ammonium nitrate, are of a particular standard, quality, or grade, when they are of another, in violation of New York law, and

(4) Failure to disclose information concerning its Airbags or any components of its Airbags, included , but not limited to, ammonium nitrate, which was known at the time of the offer and sale of its vehicles, when failure was intended to induce the consume into the transaction which the consumer would not have entered into had the information been disclosed, in violation of New York law.

31. Honda settled the action brought by a multistate task force, including, Attorney General Letita James, for $85 Million over airbag failures[1].

32. The  Consent Decree filed contemporaneously with the state suits and settlement and the evidence that was adduced in the Takata multidistrict litigation supports all factual claims set out in the Counts in the instant case.

**Count IV**
**Deceptive Acts and False Advertising**
**Violation of New York General Business Law Section 349 & 350**
**(West Herr Defendants)**

---

[1] Alabama, Alaska, Arkansas, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Vermont, Washington, West Virginia, Wisconsin, Wyoming, the District of Columbia, Guam, and the Northern Mariana Islands.

33. Plaintiff realleges and incorporates by reference herein each and every allegation in the preceding paragraphs.

34. The Herr Defendants knowingly sold the Vehicle to Plaintiff with knowledge that the Vehicle was subject to an unrepaired recall.

35. The Herr Defendants failed to disclose the unrepaired recall to Plaintiff.

36. The Herr Defendants advertisement of the Vehicle implied that the Vehicle was fit to operate as reasonably foreseeable by the manufacturer and consumer.

37. The Herr Defendants' failure to disclose the recall amounts to a deceptive practice under New York law.

38. Plaintiff was a passenger in the Vehicle which was being operated in a reasonably foreseeable manner.

39. An automobile collision is a reasonably foreseeable occurrence that would from the operation of the Vehicle.

40. Because an automobile collision is a reasonably foreseeable occurrence which could ultimately stem from the purchase of the Vehicle and the Herr Defendants knew that the defective airbag presented an extraordinarily high risk of serious injury or death if the Vehicle was involved in a collision, Herr Defendants owed heightened duty of care to Plaintiff to disclose the risk

41. Plaintiff would not have purchased the Vehicle if Herr Defendants disclosed the defect or, in the alternative, Plaintiff would have had the defect repaired before purchasing the Vehicle.

42. Herr Defendants knew that the Vehicle was not reasonably safe and that it was not safe to a degree beyond that which would be contemplated by Plaintiff, an ordinary consumer.

43. Herr Defendants' failure to disclose the fact that the Vehicle was subject to the recall was the actual and proximate cause of Plaintiff's physical injury and economic loss.

### JURY DEMAND AND RELIEF SOUGHT

(1) Plaintiff demands that this Complaint be tried by a jury.

(2) Plaintiff seeks actual damages in the amount exceeding $5,270,000 and that the jury allocate fault among the Defendants as they are jointly and severally liable for Plaintiff's injuries and economic loss.

(3) Exemplary damages in an amount to be determined by the jury.

(4) Such other relief that the Court finds to be just and proper.

Dated:  September 18, 2023
Respectfully submitted,

*Michael Hallmark*    *Sept-18, 2023*

Michael J. Hallmark, Plaintiff
53 Denise Drive
Cheektowaga, New York 14227
mjhallmark@yahoo.com
716-598-6323

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

23 CV 981

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| MICHAEL J. HALLMARK | TAKATA CORPORATION, TK HOLDINGS, INC.; AMERICAN HONDA MOTOR CO.; HONDA OF AMERICA |
| (b)  County of Residence of First Listed Plaintiff   Erie | County of Residence of First Listed Defendant |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
| 53 Denise Drive, Cheektowaga, New York 14227  mjhallmark@yahoo.com  716-598-6323 | UNKNOWN |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - | 690 Other | 423 Withdrawal | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product | Product Liability | | 28 USC 157 | 400 State Reapportionment |
| 140 Negotiable Instrument | Liability | 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' | Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans | Liability | 368 Asbestos Personal Injury Product | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| (Excludes Veterans) | 340 Marine | Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | [x] 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | [x] 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application 465 Other Immigration Actions | | |
| | 448 Education | 550 Civil Rights 555 Prison Condition 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
49 U.S.C. Sections 30119-30121.

Brief description of cause:
Takata - Honda Defective Airbag Case--Fraudulent Concealment; Failure to Warn; Violation of NY State Consumer Protection Law

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  $5,270,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  September 18, 2023

SIGNATURE OF ATTORNEY OF RECORD  *Michael Hall*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____