IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MICHAEL J. HALLMARK, | **DEFENDANTS WEST HERR AUTO GROUP AND WEST HERR DOE DEFENDANTS 1-3'S ANSWER TO AMENDED COMPLAINT** |
| Plaintiff, | |
| v. | |
| TAKATA CORPORATION, TK HOLDINGS, INC., AMERICAN HONDA MOTOR CO., INC., HONDA OF AMERICA MFG., INC., WEST HERR AUTO GROUP, WEST HERR DOE DEFENDANTS 1-3, | **JURY TRIAL DEMANDED ON ALL ISSUES** |
| | Case No.: 1:23-cv-00981-LJV |
| Defendants. | |

---

The Defendants West Herr Auto Group and West Herr Doe Defendants 1-3 (hereinafter referred to as Defendants West Herr), by and through its attorneys, Goldberg Segalla LLP, state as follows in answer to the Plaintiff's Amended Complaint.

## PRELIMINARY STATEMENT

1. Deny the allegations contained in paragraph 1 of the Plaintiff's Amended Complaint.

2. Deny the allegations contained in paragraph 2 of the Plaintiff's Amended Complaint.

3. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Plaintiff's Amended Complaint.

4. Deny the allegations contained in paragraph 4 of the Plaintiff's Amended Complaint.

5. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Plaintiff's Amended Complaint.

6. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Plaintiff's Amended Complaint.

7. Deny the allegations contained in paragraph 7 of the Plaintiff's Amended Complaint.

**PARTIES**

8. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Plaintiff's Amended Complaint.

9. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Plaintiff's Amended Complaint.

10. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Plaintiff's Amended Complaint.

11. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Plaintiff's Amended Complaint.

12. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Plaintiff's Amended Complaint.

13. Deny as alleged in paragraph 13 of the Plaintiff's Amended Complaint.

14. Deny the allegations contained in paragraph 14 of the Plaintiff's Amended Complaint.

**JURISDICTION AND VENUE**

1. Deny the allegations contained in paragraph 1 of the Plaintiff's Amended Complaint.

2. Deny the allegations contained in paragraph 2 of the Plaintiff's Amended Complaint.

3. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Plaintiff's Amended Complaint.

4. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Plaintiff's Amended Complaint.

**STATEMENT OF FACTS**

5. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Plaintiff's Amended Complaint.

6. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Plaintiff's Amended Complaint.

7. Deny the allegations contained in paragraph 7 of the Plaintiff's Amended Complaint.

8. Deny the allegations contained in paragraph 8 of the Plaintiff's Amended Complaint.

9. Deny the allegations contained in paragraph 9 of the Plaintiff's Amended Complaint.

**AS AND FOR DEFENDANTS ANSWER TO THE FIRST CAUSE OF ACTION**
**Failure to Warn of Design Defect Known to Cause Death or Grave Bodily Injury**
**(All Defendants)**

10. Deny the allegations contained in paragraph 10 of the Plaintiff's Amended Complaint.

11. Deny the allegations contained in paragraph 11 of the Plaintiff's Amended Complaint.

12. Deny the allegations contained in paragraph 12 of the Plaintiff's Amended Complaint.

13. Deny the allegations contained in paragraph 13 of the Plaintiff's Amended Complaint.

14. Deny the allegations contained in paragraph 14 of the Plaintiff's Amended Complaint.

15. Deny the allegations contained in paragraph 15 of the Plaintiff's Amended Complaint.

16. Deny the allegations contained in paragraph 16 of the Plaintiff's Amended Complaint.

17. Deny the allegations contained in paragraph 17 of the Plaintiff's Amended Complaint.

18. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Plaintiff's Amended Complaint.

19. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Plaintiff's Amended Complaint.

20. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Plaintiff's Amended Complaint.

21. Deny the allegations contained in paragraph 21 of the Plaintiff's Amended Complaint.

22. Deny the allegations contained in paragraph 22 of the Plaintiff's Amended Complaint.

23. Deny allegations contained in paragraph 23 of the Plaintiff's Amended Complaint.

24. Deny the allegations contained in paragraph 24 of the Plaintiff's Amended Complaint.

25. Deny the allegations contained in paragraph 25 of the Plaintiff's Amended Complaint.

26. Deny the allegations contained in paragraph 26 of the Plaintiff's Amended Complaint.

27. Deny the allegations contained in paragraph 27 of the Plaintiff's Amended Complaint.

28. Deny the allegations contained in paragraph 28 of the Plaintiff's Amended Complaint.

29. Deny the allegations contained in paragraph 29 of the Plaintiff's Amended Complaint.

30. Deny the allegations contained in paragraph 30 of the Plaintiff's Amended Complaint.

31. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Plaintiff's Amended Complaint.

32. Deny the allegations contained in paragraph 32 of the Plaintiff's Amended Complaint.

33. Deny the allegations contained in paragraph 33 of the Plaintiff's Amended Complaint.

34. Deny the allegations contained in paragraph 34 of the Plaintiff's Amended Complaint.

## AS AND FOR DEFENDANTS ANSWER TO THE SECOND CAUSE OF ACTION
### Fraudulent Concealment
### (Takata Defendants)

35. With respect to paragraph 35, the answering Defendant repeats and realleges its answers to paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Plaintiff's Amended Complaint.

37. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Plaintiff's Amended Complaint.

38. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Plaintiff's Amended Complaint.

39. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Plaintiff's Amended Complaint.

40. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Plaintiff's Amended Complaint.

## AS AND FOR DEFENDANTS ANSWER TO THE THIRD CAUSE OF ACTION
### Fraudulent Concealment in Violation of 49 C.F.R. § 1.95. 2.
### (Honda Defendants)

41. With respect to paragraph 41, the answering Defendant repeats and realleges its answers to paragraphs 1 through 40 with the same force and effect as if fully set forth herein.

42. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Plaintiff's Amended Complaint.

43. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Plaintiff's Amended Complaint.

44. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Plaintiff's Amended Complaint.

45. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Plaintiff's Amended Complaint.

46. Deny the allegations contained in paragraph 46 of the Plaintiff's Amended Complaint.

47. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Plaintiff's Amended Complaint.

48. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Plaintiff's Amended Complaint.

49. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Plaintiff's Amended Complaint.

50. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Plaintiff's Amended Complaint.

**AS AND FOR DEFENDANTS ANSWER TO THE FOURTH CAUSE OF ACTION**
**Deceptive Acts and False Advertising**
**Violation of New York General Business Law Section 349 & 350**
**(West Herr Defendants)**

51. With respect to paragraph 51, the answering Defendant repeats and realleges its answers to paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Deny the allegations contained in paragraph 52 of the Plaintiff's Amended Complaint.

53. Deny the allegations contained in paragraph 53 of the Plaintiff's Amended Complaint.

54. Deny the allegations contained in paragraph 54 of the Plaintiff's Amended Complaint.

55. Deny the allegations contained in paragraph 55 of the Plaintiff's Amended Complaint.

56. Deny the allegations contained in paragraph 56 of the Plaintiff's Amended Complaint.

57. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Plaintiff's Amended Complaint.

58. Deny the allegations contained in paragraph 58 of the Plaintiff's Amended Complaint.

59. Deny the allegations contained in paragraph 59 of the Plaintiff's Amended Complaint.

60. Deny the allegations contained in paragraph 60 of the Plaintiff's Amended Complaint.

61. Deny the allegations contained in paragraph 61 of the Plaintiff's Amended Complaint.

62. Deny the allegations contained in paragraph 62 of the Plaintiff's Amended Complaint.

63. Denies each and every allegation not specifically referred to above.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64. If the Plaintiff sustained any alleged damages, which damages are expressly denied, then all such damages will have been caused or brought about in whole or in part by the affirmative wrongdoing, fault, negligence, and failure of due care of Plaintiff. Any recovery

should be diminished in the proportion which Plaintiff's culpability bears to the conduct which caused the alleged damages, pursuant to CPLR Section 1411.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65. Upon information and belief, the Plaintiff fails to state a cause of action against the Defendant upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66. The cause(s) of action set forth in the Amended Complaint are barred by the applicable statute(s) of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67. This Court lacks *in personam* jurisdiction over the Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68. The Court does not have jurisdiction over the person of the Defendant by reason of improper service of process.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69. Upon information and belief, all or part of the cost of the Plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the future from such collateral sources, and to that extent this Defendant requests that in the event the Plaintiff recovers any judgment herein, such amount as is recovered in whole or in part from collateral sources be reduced by said amounts pursuant to CPLR Sec. 4545.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70. The automobile in which the Plaintiff was riding was equipped with seat belts and the Plaintiff failed and/or refused to utilize the available seat belt. As a result, Plaintiff received

some or all of her injuries, and/or increased the degree of the injuries which may have been avoided or lessened with use of a seatbelt.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. The Plaintiff did not sustain a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York and has not sustained economic loss greater than basic economic loss as defined in Article 51 of the Insurance Law of the State of New York and on this basis the Plaintiff does not have a cause of action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. Any injuries or damages suffered by the Plaintiff were proximately caused by Plaintiff or others including those who are not named in this action and not by the Defendants West Herr.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73. The Amended Complaint fails to name as a defendant a person or entity whose fault contributed to Plaintiff's claimed damages, over whom Plaintiff could have obtained jurisdiction. As such, the fault of said person or entity may be apportioned at trial by the jury for some or all of the fault for the accident, pursuant to CPLR Articles 14 and 16.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74. If it should be found after trial that the undersigned Defendant is liable in the amount of 50% or less of the total liability assigned to all persons liable, then liability of the undersigned Defendant for non-economic loss shall not exceed the Defendant's equitable share of liability determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss in accordance with Article 16 of the CPLR. Pursuant to CPLR 1603, the Defendant asserts the limitations on joint and several

liability contained in CPLR 1601 and 1602 and all the rights contained therein.  That the liability of the Defendant is limited under the terms of Article 16 of the C.P.L.R.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75. If the Plaintiff sustained any injuries or damages as alleged in the Amended Complaint, such injuries or damages were caused, aggravated or contributed to by the Plaintiff's failure to take reasonable efforts to mitigate injuries and/or damages and any award made to the Plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by Plaintiff's failure to mitigate damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's injuries, if any, were a result of intervening causes which were out of the control of the Defendants and not the result of the conduct, acts or omissions of the Defendants.  By virtue of the intervening causes the Plaintiff's injuries were not proximately caused by the Defendants and the claims against the Defendants should be dismissed.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

77. The Defendants reserve the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE AND BY WAY OF CROSS-CLAIM AGAINST CO-DEFENDANTS

19. These answering Defendants deny any negligence and liability on their part, but if Plaintiff recovers judgment against Defendants for the damages alleged in the Amended Complaint, then any liability on the part of the other Defendants in this matter shall be apportioned upon the trial of this action pursuant to N.Y. CPLR Articles 14 and 16 and they shall

contribute to and indemnify Defendants for their respective shares of any judgment in such amount as determined at trial.

**WHEREFORE**, Defendants West Herr demands judgment against Plaintiff dismissing the Amended Complaint, with prejudice, together with the costs and disbursements of this action, including attorney's fees.

DATED: Buffalo, New York
    October 12, 2023

              **GOLDBERG SEGALLA LLP**

              By: */s/ Kathleen J. Martin*
              Kathleen J. Martin, Esq.
              *Attorneys for Defendants West Herr*
               *Auto Group and and West Herr Doe*
               *Defendants 1-3*
              665 Main Street
              Buffalo NY 14203
              (716) 844-3424

**TO:**

Mr. Michael J. Hallmark
*Pro Se Plaintiff*
53 Denise Drive
Cheektowaga NY 14227
(716) 598-6323

38008857.v1