UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL J. HALLMARK,

        Plaintiff,

    v.

TAKATA CORPORATION, et al.,

        Defendants.

23-CV-981-LJV
DECISION & ORDER

---

On September 18, 2023, Michael J. Hallmark, then proceeding pro se, commenced this products liability action against American Honda Motor Co., Inc. ("American Honda"); Honda of America MFG., Inc. ("Honda of America"); TK Holdings, Inc. ("TK Holdings"); Takata Corporation ("Takata"); West Herr Auto Group ("West Herr Auto"); and West Herr Doe Defendants 1-3 (the "West Herr Does"). Docket Item 1; *see* Docket Item 2 (amended complaint). A few weeks later, Hallmark filed a "stipulation of dismissal," Docket Item 4 (some capitalization omitted), which this Court incorrectly read as a dismissal against all defendants. The Court therefore issued a text order finding that Hallmark had voluntarily dismissed all his claims and ordering the Clerk of the Court to close this case. Docket Item 6.

On October 16, 2024, Hallmark, now represented by counsel, *see* Docket Item 7, filed a motion to "[r]estore [this case] to the [a]ctive [c]alendar, [or] in the alternative for [r]elief from [j]udgment [under Federal] Rule [of Civil Procedure] 60," Docket Items 8. West Herr Auto and the West Herr Does (the "West Herr defendants") opposed Hallmark's motion. Docket Item 9. For the reasons explained below, this Court grants

Hallmark's motion for relief from a judgment. The Court's previous text order, Docket Item 6, therefore is vacated in part insofar as it ordered the dismissal of the case against certain defendants and the closure of the case.

## **BACKGROUND**

On October 12, 2023, about a month after he commenced this action as described above, Hallmark, still acting pro se, filed what he called a "stipulation of dismissal without prejudice." Docket Item 4 (bold, capitalization, and underline omitted). More specifically, Hallmark "stipulate[d] and agree[d] that [this] action against the [d]efendants, American Honda . . . , and Takata . . . , [and] TK Holdings . . . [was] dismissed[] without prejudice." *Id.*

On October 16, 2023, this Court noted that Hallmark's stipulation had been signed only by himself and therefore construed that filing as a "voluntary dismissal" of the action under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Docket Item 6. Because such a dismissal is "effective in the absence of any action by the court," *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d. Cir. 1979), the Court found that the case had been "effectively dismissed when Hallmark filed [his] notice" and ordered the Clerk of the Court to close the case. Docket Item 6. This Court further noted that the fact that some of the defendants—namely, the West Herr defendants—had served an answer on the same day did not affect its analysis. *Id.* As the Court explained, "[b]ecause th[ose] defendants served their answer after Hallmark filed his notice of dismissal, Rule 41(a)(1)(A)(i) still applies." Docket Item 6 (citing *Keal v. Monarch Life Ins. Co.*, 126 F.R.D. 567, 568-69 (D. Kan. 1989)).

2

On October 16, 2024—exactly a year after this Court entered the text order closing this case—Hallmark, through counsel, moved to "[r]estore [this case] to the [a]ctive [c]alendar," or "in the alternative for [r]elief from [a j]udgment pursuant to [Federal] Rule [of Civil Procedure] 60." Docket Item 8.  Hallmark explained that his complaint[1] named several defendants—Takata, TK Holdings, American Honda, Honda of America, West Herr Auto, and the West Herr Does—and he correctly noted that his stipulation of dismissal "released without prejudice" only some of those defendants. Docket Item 8-1 at 2.[2]  More specifically, he stated that "West Herr Auto . . . and [the] West Herr Doe[s] were not identified or dismissed pursuant to the [s]tipulation of [d]ismissal."  *Id.*  He therefore asked this Court to "restore this matter to the [a]ctive [c]alendar, hold a preliminary conference, and/or direct the parties to proceed with the Rule 26 conference."[3]  Docket Item 8-1 at 3.  In the alternative, he "move[d] for [r]elief from [the j]udgment [d]ismissing the [c]ase" under Federal Rule of Civil Procedure 60.  Docket Item 8-1 at 3.

## DISCUSSION

Although Hallmark asks this Court to restore the case to the active calendar and moves for relief from a judgment under Federal Rule of Civil Procedure 60 only in the alternative, he provides no basis for this Court to provide the relief he seeks other than

---

[1] The amended complaint names the same defendants.  *See* Docket Item 2.

[2] Page numbers in docket citations refer to ECF pagination.

[3] Hallmark also stated that "settlement discussions will proceed with the remaining [d]efendants."  Docket Item 8-1 at 2.

3

that rule.  *See* Docket Item 8-1.  So this Court therefore considers whether Hallmark is entitled to relief under Federal Rule of Civil Procedure 60.

Under that rule, a "court may [on a motion] relieve a party or its legal representative from a final judgment, order, or proceeding for" one of six "reasons."[4] Fed. R. Civ. P. 60(b).  More specifically, a court may grant relief from a judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) [a finding that] the judgment is void;
> (5) [a finding that] the judgment has been satisfied, released, or discharged; [that] it is based on an earlier judgment that has been reversed or vacated; or [that] applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).  Such motions must be filed "within a reasonable time" or—if the motion is granted under Rule 60(b)(1), (2), or (3)—"no more than a year after the entry of the judgment or order."  Fed. R. Civ. P. 60(c)(1).

The Second Circuit has made clear that under Rule 60(b)(1), "relief from [a] judgment [i]s available for any mistake, including [a] mistake of the court," regardless of whether that mistake is "legal" or "factual."  *See In re 310 Assocs.*, 346 F.3d 31, 34-35 (2d Cir. 2003) (holding that a court has "the authority to reopen a judgment based on its

---

[4] Rule 60 also provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  But relief under that provision of the rule "is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made."  *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (citation and internal quotation marks omitted).  So that provision of Rule 60 does not apply here, and this Court declines to grant Hallmark relief based on "clerical error."  *See* Docket Item 8-1 at 3.

4

own mistake of fact"); *Cappillino v. Hyde Park Cent. School Dist.*, 135 F.3d 264, 265-66 (2d Cir. 1998) (holding that district court erred in denying plaintiffs' Rule 60(b) motion, which was filed 11 months after case was closed and sought relief based on fact that district court had dismissed case as settled without considering plaintiffs' letter, filed pro se, stating that settlement never had been finalized).

Here, this Court erred in construing Hallmark's stipulation of dismissal, Docket Item 4, as dismissing the whole case instead of dismissing the case only against the defendants named in that stipulation: Takata, American Honda, and TK Holdings.[5] *See* Docket Items 4, 6 and 8-1; *see also Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *3 (E.D.N.Y. June 29, 2007) (noting that "Rule 41 allows a plaintiff to withdraw an action as to fewer than all defendants"). Moreover, Hallmark now has filed a timely motion for relief from this Court's mistake: The judgment about which he complains was entered exactly one year before his motion was filed. Docket Items 6 and 8; *see* Fed. R. Civ. P. 60(c)(1).

The West Herr defendants nonetheless argue that this Court should not vacate its order because the Court correctly dismissed the entire action under Rule 41 in light of the Second Circuit's decision in *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953). Docket Item 9-1 at 4-5. They also say that Hallmark should have sought relief immediately—or at least "within a reasonable time"—and that

---

[5] In his motion, Hallmark says that his stipulation also dismissed Honda of America. Docket Item 8-1 at 2. But Hallmark did not mention that defendant in his stipulation. *See* Docket Item 4. The Court therefore vacates its prior order dismissing Hallmark's claims against Honda of America. Of course, Hallmark still may dismiss his claims against that defendant under Federal Rule of Civil Procedure 41 if he wishes.

contrary to Hallmark's suggestion, settlement discussions are not proceeding.  *Id.* at 2-6; *see* Docket Item 8-1 at 2.

None of those reasons justify denying Hallmark's motion.  First, although the West Herr defendants are correct that in *Harvey Aluminum*, the Second Circuit "stated that Rule 41(a) may be invoked only to dismiss an entire action but not to dismiss as to only one of several defendants," later decisions largely have abrogated that decision.  *See Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985).  Indeed, in *Wakefield*, the Second Circuit noted that *Harvey Aluminum* "has been criticized and is now against the weight of authority"; in fact, the court observed, it was "not clear that the rule laid down in [that case] was necessary to the result."  *Id.*  Moreover, while "*Wakefield* did not expressly overrule *Harvey Aluminum*, district courts within the Second Circuit have since adopted the approach of the majority of courts in other circuits—that is, that Rule 41(a) does not require dismissal of the action in its entirety."  *Frank v. Trilegiant Corp.*, 2012 WL 214100, at *3 (E.D.N.Y. Jan. 24, 2012) (citation and internal quotation marks omitted) (collecting cases).  This Court follows suit and holds that Rule 41(a) does not require the dismissal of the entire case.

The West Herr defendants' other arguments, *see* Docket Item 9-1 at 2-6, also fail.  As noted above, Hallmark properly sought relief within one year, as required by Federal Rule of Civil Procedure 60(b)-(c).  *See Cappillino*, 135 F.3d at 265-66.  Even if the West Herr defendants are correct that Hallmark, as a "clearly . . . intelligent and knowledgeable" person, should have realized the error and retained an attorney much sooner, *see* Docket Item 9-1 at 4-6, the one-year period that Hallmark took to file his motion was not "unreasonable."  Indeed, this Court—which unlike Hallmark is trained in

6

the law—thought that the action was correctly dismissed. Moreover, while the West Herr defendants say that reopening the case now would "prejudice[e]" them, they do not provide any details about how it would do so. *See id.* So the West Herr defendants "offer[] no evidence that the length of time it took [Hallmark] to hire an[] attorney and . . . bring h[is] Rule 60(b) motion constituted undue delay or caused any prejudice." *See Cappillino*, 135 F.3d at 266; Docket Item 9-1.

Finally, the West Herr defendants do not explain why the lack of settlement talks should impact this Court's Rule 60 analysis. *See* Docket Item 9-1 at 2. After all, this Court's error in closing the case eliminated any incentive for settlement. But that is no reason for it not to rectify its mistake.

In sum, because the Court should have construed Hallmark's "stipulation" as a notice of voluntary dismissal only as to Takata, American Honda, and TK Holdings, its prior order is vacated to the extent that it dismissed Hallmark's claims against Honda of America and the West Herr defendants.[6]

---

[6] As this Court explained in its previous order, Hallmark's stipulation of dismissal—which was effective as to the named defendants upon filing—was filed before the West Herr defendants answered the amended complaint. *See* Docket Item 6. That answer included a "cross-claim against co-defendants" requesting that "if [Hallmark] recovers judgment against [the West Herr d]efendants for the damages alleged in the [a]mended [c]omplaint, then any liability on the part of the other [d]efendants in this matter shall be apportioned upon the trial of this action." Docket Item 5 at 11 (some bold, capitalization, and underline omitted). Because Takata, American Honda, and TK Holdings were not "co-defendants" at the time the answer was filed, this Court does not construe the West Herr defendants' cross-claims as naming Takata, American Honda, or TK Holdings. But in light of this case's reopening, the West Herr defendants' other cross-claims survive. Moreover, the West Herr defendants may move under Federal Rule of Civil Procedure 14 to file a third-party complaint against the dismissed defendants if they wish to do so.

## **CONCLUSION**

Hallmark's motion for relief from a judgment under Federal Rule of Civil Procedure 60, Docket Item 8, therefore is GRANTED. The Court's text order, Docket Item 6, is vacated to the extent that it dismissed Hallmark's claims against Honda of America, West Herr Auto, and the West Herr Does. The Clerk of the Court shall reopen this case. The Court will enter a separate order referring this case to a magistrate judge for discovery.

SO ORDERED.

Dated:  December 16, 2024
           Buffalo, New York

                                             */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE