UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHAEL J. HALLMARK,**<br><br>                Plaintiff,<br><br>  ~ *versus* ~<br><br>**HONDA OF AMERICA MFG., INC.,**<br><br>                Defendant. | Case No. **1:23-cv-0981**<br><br>**Before the Honorable<br>District Judge Lawrence J. Vilardo** |

**MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO VACATE DEFAULT**

Submitted by:    Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiffs*

i

## A     **Table of Contents**

**B.**    **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C.**    **Introduction and Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**D.**    **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       I.      The Meritorious Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            a.      The Supposed Settlement . . . . . . . . . . . . . . . . . . . . . . . 6

            b.      The Funneling Order . . . . . . . . . . . . . . . . . . . . . . . . . .. . . 8

       II.     Valid Excuse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            a.      The Supposed Settlement . . . . . . . . . . . . . . . . . . . . . . . 9

            b.      Impact of the Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**E.**    **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**B.     Table of Authorities**

**Cases**

*Klos v. Lotnicze*,
    133 F.3d 164 (2d Cir. 1997) .............................................................................................. 6

*Kochan v. Schawbenbauer*,
    2020 U.S. Dist. LEXIS 251690 (W.D.N.Y. Mar. 6, 2020) ...................................................... 6

*Red Ball Interior Demolition Corp. v. Palmadessa*,
    173 F.3d 481 (2d Cir. 1999) .............................................................................................. 6

*Scheinmann v. Dykstra*,
    2017 U.S. Dist. LEXIS 61180; 2017 WL 1422972 (2017) ................................................... 6

### C.     Introduction and Procedural Background

Undeniably, this matter comes before the Court after a relatively complex procedural background. To review: a *pro se* Plaintiff filed suit against a number of Defendants. Apparently without entering an appearance the successor to the moving Defendant negotiated with an attorney out-of-state, who appears to have not entered an appearance, after which some – not all – of the Defendants were dismissed (ECF 4, Oct. 12, 2023). The moving Defendant *was not* dismissed.

Because of an administrative snafu, upon the filing of the unilateral Dismissal against some – not all – Defendants that was erroneously noted as "closed" as against all Defendants. The Plaintiff later appeared to restore the case to the active calendar as against the non-dismissed Defendants (ECF 8, Oct. 16, 2024). The Honorable Court granted that Motion, ECF 10 (Dec. 16, 2024). With the case back on track, the Plaintiff settled with the West Herr Defendants and dismissed the remaining non-Honda (Defendants) from the case (ECF 18, April 21, 2025).

That left only Honda of America Mfg., Inc., as a Defendant. And as clarified in the moving papers on this Motion, its successor: Honda Development & Manufacturing of America, LLC, *See* Mauch Aff. in Support at ¶ 2 (ECF 25-4, Aug. 20, 2025). We refer to that entity here as "Honda" or "Moving Defendant".

The Moving Defendant explained their failure to appear by arguing that procedurally they were unaware that they remained in the case. The moving Defendant further argues that they have a meritorious defense because they had entered into an agreement for the Plaintiff to dismiss this case without prejudice as against the Moving Defendant, and because the underlying claims are precluded by an Order by a Bankruptcy Court in Delaware that all claims

4

arising out of injuries arising from the *deployment* of the Takata airbag are to be funneled to the Takata Airbag Tort Compensation Trust Fund.

For the reasons argued here, the supposed meritorious defenses do not stand up to scrutiny and the excuse for non-appearance is hollow. For those reasons, the Plaintiff respectfully submits that the Default should be sustained, the factual allegations related to liability deemed admitted, and this matter proceed to an Inquest (or even post-Judgment discovery) on *damages* but not on the underlying liability.

Further, as highlighted by the Moving Defendant, the Plaintiff agrees that the Caption should be correct to reflect Honda Development & Manufacturing of America, LLC as the only remaining Defendant and that the Clerk should update the caption to reflect the following:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MICHAEL J. HALLMARK,** | |
| Plaintiff, | |
| ~ *versus* ~ | Case No. **1:23-cv-0981** |
| **HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,** | **Before the Honorable** <br> **District Judge Lawrence J. Vilardo** |
| Defendant. | |

The Plaintiff thanks the Honorable Court for their continuing attention to this case, and for the reasons described above respectfully opposes the Moving Defendant's Motion to Vacate the Default.

5

**D.    Argument**

    **I.    Meritorious Defense**

        **a.    The Supposed Settlement**

"It is black letter law in the Second Circuit that settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Scheinmann v. Dykstra*, 2017 U.S. Dist. LEXIS 61180, *3-4, 2017 WL 1422972 (S.D.N.Y. Apr. 21, 2017)(cleaned up)(quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999) and collecting cases).

"Under New York law, settlements of any claim are generally required to be in writing or, at a minimum, made on the record in open court." *Kochan v. Schawbenbauer* 2020 U.S. Dist. LEXIS 251690, Case No. 1:17-cv-00452, 2020 U.S. Dist. LEXIS 251690, at *20 (W.D.N.Y. Mar. 6, 2020)(Reiss, *J.*).  And while *Kochan* reviews the competing theories on whether C.P.L.R. § 2104 applies to settlements in Federal Court, the basic rules of contract law apply that a settlement will not be enforced absent the requirements we would expect in any contract – offer and acceptance, consideration, intent to be bound, etc . . .  And that given the stakes at issue in litigation settlement, there must be some *recorded* basis to substantiate any settlement.

The Moving Defendant submitted an Affidavit by Counsel Cunningham (ECF 25-5, Aug. 20, 2025) that purports to memorialize oral conversations and written communications. Before we review that documentary trail, it is important to note that "[w]hen determining whether a contract exists, it is the objective intent of the parties that controls it, and the secret or subjective intent of the parties is irrelevant." *Travco Ins. Co. v. Gree U.S.A., Inc.*, Case No. 22-CV-6157, 2022 U.S. Dist. LEXIS 213006, 2022 U.S. Dist. LEXIS 213006, at *5 (W.D.N.Y. Nov. 24, 2022)(Pederson, *J.*) *citing Klos v. Lotnicze*, 133 F.3d 164 (2d Cir. 1997).

The record presented in the Cunningham Affidavit shows that no lawyers formally appeared for either party.  Counsel Cunningham was careful to note in his communications that "I am not admitted to, nor do I intend to, practice in the Western District of New York" (ECF 25-6 at p.2, Aug. 20, 2025).  Counsel Black was also not admitted in the W.D.N.Y.

In fact, a review of the written communications and description of the oral conversations by Counsel Cunningham shows only that two non-appearing Counsel discussed potential ways in which the Plaintiff may choose to pursue his claims.  They discussed the Takata Fund and how it may be advisable for Plaintiff Hallmark to pursue his claim from that fund rather than the cost/expense of litigation in Court.

But importantly – there was no "settlement"!

There is no factual claim by the Moving Defendant that the Parties provided any consideration to each other, offered anything, or accepted anything.  The non-appearing Counsel simply discussed Plaintiff Hallmark's strategy.  The Moving Defendant makes the undocumented claim that "The parties' agreement was that the Stipulation was intended to dismiss, without prejudice, the case as to the Takata/Honda defendants", Cunningham Aff. at ¶ 8 (ECF 25-5, Aug. 20, 2025) but that's belied by the evidence that there was no "agreement".  All we have here is a unilateral decision by the Plaintiff to withdraw his claims against some – not all – of the Defendants.

Notably, the Plaintiff did not choose to withdraw the claim against the Moving Defendant.  Counsel Cunningham explicitly admits that "[t]he Takata/Honda defendants were not asked to review or approve the final format of the Stipulation before filing". Cunningham Aff. ¶ 7.  An odd outcome of a formal "settlement" "agreement".  And frankly, even to call it a "Stipulation" overstates the issue, as it was a unilateral withdrawal by an unrepresented Defendant against parties who did not countersign the "Stipulation" and did not formally appear (ECF 4, Oct. 12, 2023).

Again, looking at the record *objectively* shows no "settlement", no "agreement" and no commitment by Hallmark that was applicable to the Moving Defendant. All we see are non-appearing Counsel discussing potential strategy which culminated in a partial dismissal of some – not all – parties. The Moving Defendant can take no solace from a settlement that never existed.

To the extent that the meritorious defense is based on any alleged settlement, the Vacatur should not be granted because there was no settlement.

### b. The Funneling Order

There is an important point here, which is the key to this whole case that the Plaintiff wants to highlight.

The Takata Fund only addresses airbags that discharged and allegedly caused damage through the discharge. That issue is potentially subject to the funneling order. And if that was the claim here, then the Moving Defendant may perhaps claim a meritorious defense.

But as alleged in the Amended Complaint, the issue here was *the failure* of the airbag to deploy, *See* Amended Complaint at ¶ 19. As the Plaintiff understands it, the claim here is *not* subject to the funneling order because it is a claim that the airbag *did not* deploy. The Plaintiff also submits that claims against the Moving Defendant are not subject to the funneling order. And in fact the Fund has rejected the Plaintiff's claim purportedly for that reason.

While the Amended Complaint talks at length about issues with the Takata airbags, that is simply to provide some context as to the issues with Takata airbags and Moving Defendant's role in the case.

To the extent that the meritorious defense is based on the funneling order, the Vacatur should not be granted because, as alleged, the claims may not be subject to the Order.

## II.    Valid Excuse

### a.    The Supposed Settlement

We respectfully incorporate the discussion above that shows there was no "settlement" and any claim that the Moving Defendant was lured into a false sense of security that they had settled this case, is belied by the text of the Stipulation of Dismissal and the reinstatement of this case (including against the Moving Defendants) a number of months ago.

For these reasons, we respectfully submit that the valid excuse for non-appearance argument must fail to the extent it is based on a purported "settlement" that did not and does not exist.

### b.    Impact of the Default

It should also be noted that the consequences of this Default (if sustained) are not the end of the case. The Moving Defendant will be deemed to admit the factual allegations related to liability, but of course, they can still argue whether those allegations are sufficient to establish liability. And of course, they can also dispute the quantum of damages.

Simply put, a Default would not be "death sentence" for this case as it relates to the Moving Defendant and the Court should not evaluate the valid excuse for the default against the total loss of the case, but to simply narrow the issues in factual dispute between the Parties.

### E. Conclusion

For these reasons, the Plaintiffs respectfully Oppose the Motion to Vacate the Default as argued above.

DATED: **AUGUST 29, 2025**

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiff*
