UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL J. HALLMARK,

                              Plaintiff,

v.

HONDA OF AMERICA MFG., INC.,

                              Defendant.

**DECISION AND ORDER**

**Case No. 1:23-cv-0981-JLV-JJM**

---

Honda Development & Manufacturing of America, LLC ("Honda

Development"), as successor in interest to defendant Honda of America Manufacturing, Inc.

("Honda of America"), moves [25][1] pursuant to Fed. R. Civ. P. ("Rule") 55(c) to vacate the

default entered against Honda of America on July 28, 2025 [21]. The motion has been referred to

me by District Judge Lawrence J. Vilardo for initial consideration [11]. Having reviewed the

parties' submissions [25, 29, 31], for the following reasons the motion is granted.[2]

**BACKGROUND**

On September 18, 2023 plaintiff Hallmark, acting *pro se*, commenced this action

against Takata Corporation, TK Holdings, Inc., American Honda Motor Co., Honda of America,

West Herr Auto Group, and West Herr Doe defendants 1-3 (the "West Herr defendants"),

seeking to recover for injuries allegedly sustained on September 27, 2020 by allegedly defective

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF
pagination.

[2]    "A motion to set aside entry of default is subject to disposition by a Magistrate Judge as a
nondispositive pretrial motion under 28 U.S.C. §636(b)(1)(A)." Nash v. Foxo Technologies, Inc., 348
F.R.D. 210, 211, n. 1 (S.D.N.Y. 2025).

Takata airbags installed in his Honda Accord automobile. Complaint [1]; Amended Complaint [2]. On October 12, 2023 (the day that Honda of America's Answer was due [3]), Hallmark filed a Stipulation [4] dismissing the action (without prejudice) as to certain defendants, but not Honda of America. Believing that Hallmark had dismissed all defendants, on October 16, 2023 Judge Vilardo dismissed the entire action and closed the case [6].

Exactly one year later, on the very last day that he could do so under Rule 60 (c)(1), Hallmark - now represented by counsel - moved to restore his case to the court's active calendar [8]. The motion was served only upon the West Herr defendants, not upon Honda of America. [8] at 3. In that motion, Hallmark stated that "[t]the Stipulation of Dismissal, released without prejudice . . . Honda of America" (Hallmark's Memorandum of Law [8-1] at 2), but that he "never intended to (and did not) dismiss the case against the West Herr Defendants". Id. at 3. He asked the court to "[r]elieve [him] of the 'Judgment' against the West Herr Defendants, who were not dismissed, and allow this case to move forward". Id. at 4.

By Decision and Order dated December 16, 2024 [10], Judge Vilardo granted Hallmark's motion. While noting that "[i]n his motion, Hallmark says that his stipulation also dismissed Honda of America", Judge Vilardo concluded that "Hallmark did not mention that defendant in his stipulation", and he therefore vacated his prior dismissal of Hallmark's claims against Honda of America. Id., n. 5. The record does not indicate that this Decision and Order was served upon Honda of America.

On April 12, 2025 Hallmark dismissed his claims against the West Herr defendants [18], which Judge Vilardo confirmed [19]. On July 27, 2025, Hallmark requested entry of default against Honda of America pursuant to Rule 55(a) [20]. That request was served only upon "counsel for all Appearing Parties" ([20] at 2), not upon Honda of America. In support

of that request, counsel argued that Honda of America's Answer was due "on or before October 12, 2023" and that Honda of America, "as the sole remaining Defendant", had "elected to not appear, to not plead and to otherwise not defend this case within the time allowed", and had "not appeared at case management conferences or provided Rule 26 Discovery disclosures or otherwise participated in this case".

On July 28, 2025 the clerk entered default against Honda of America [21]. That same day Hallmark mailed Honda of America his request for entry of default [22] and the entry of default [23]. Honda Development filed this motion on August 20, 2025 [25].

## DISCUSSION

Rule 55(c) authorizes the court to "set aside an entry of default for good cause". "It is well established that default judgments are disfavored, and that a clear preference exists for cases to be adjudicated on the merits". Nash v. Foxo Technologies, Inc., 348 F.R.D. 210, 213 (S.D.N.Y. 2025). The meaning of "good cause", therefore, "should be construed generously". Johnson v. New York University, 324 F.R.D. 65, 69 (S.D.N.Y. 2018).

"Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented". Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). These factors "are not exclusive and are not intended as a precise formula . . . . The underlying consideration is whether good cause for relief from the default exists, and [these] factors merely aid in that determination". 10 Moore's Federal Practice, §55.70[3] (Matthew Bender 3d ed.). Ultimately, whether to grant a motion to set aside a default is "left to the sound discretion of a district court", and "all doubts must be resolved in favor of a trial on the merits". Enron Oil Corp. v. Diakuhara 10 F.3d 90, 95, 98 (2d Cir. 1993).

- 3 -

**A.      Willfulness of Default**

"To find that a default was willful, it must be clear that the defaulting party engaged in deliberate or egregious conduct".  Argus Research Group, Inc. v. Argus Securities, Inc., 204 F.Supp.2d 529, 531 (E.D.N.Y. 2002).  Willfulness "refer[s] to conduct that is more than merely negligent or careless".   Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F.Supp.2d 333, 337 (S.D.N.Y. 2013). Honda Development explains that Honda of America's default was not willful, but was at most negligent, due to its mistaken belief that the action had been dismissed (see Mauch Declaration [25-4], ¶¶3-5; Cunninghan Declaration [25-5], ¶¶4-11) - a belief which was initially shared by both Hallmark and Judge Vilardo.

I agree. See Swarna v. Al-Awadi, 622 F.3d 123, 142-43 (2d Cir. 2010) (finding that "defendants' default was based on a mistaken belief that they need not answer the complaint . . . . Furthermore, one day after receiving [the] motion for default judgment, defendants retained counsel. One week later, counsel moved for an extension of time so that defendants could respond to [the] complaint. This conduct suggests that defendants' default was not willful but instead based on mistaken belief"). Therefore, this factor favors vacating the default.

**B.      Prejudice to Plaintiff**

"Prejudice is not significant unless it is something greater than would be experienced by the ordinary litigant in being required to litigate on the merits." Moore's, §55.70[2][c]. "[T]he district court must consider the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy, resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and

collusion." <u>Swarna</u>, 622 F.3d at 142. "Delay alone . . . does not establish prejudice." <u>Argus Research Group</u>, 204 F.Supp.2d at 532.  Since Hallmark does not suggest that he will be prejudiced if the default is vacated, this factor also favors vacating the entry of default.

### C.       Meritorious Defense

Honda Development submits a proposed Answer to the Amended Complaint alleging numerous potential defenses. [25-8] at 6-11, ¶¶1-41. For purposes of this motion, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense". <u>Enron</u>, 10 F.3d at 98.

Hallmark initially argues that the defense of "settlement" is not meritorious, because "importantly - there was no 'settlement'" (Hallmark's Memorandum of Law [29] at 7), ignoring the fact that Honda Development does not allege settlement as a defense. It *does,* however, allege that his claims are barred by a Bankruptcy Court Order requiring claims to be funneled to "The Takata Airbag Tort Compensation Trust Fund", which was created "to compensate individuals who alleged injury from a Takata Airbag Inflator". Answer [25-8] at 6, ¶3.

Hallmark argues that "[t]he Takata Fund only addresses airbags that discharged and allegedly caused damage through the discharge. That issue is potentially subject to the funneling order. And if that was the claim here, then the Moving Defendant may perhaps claim a meritorious defense. But as alleged in the Amended Complaint, the issue here was *the failure* of the airbag to deploy, *See* Amended Complaint at ¶19". Hallmark's Memorandum of Law [29] at 8 (emphasis added). However, ¶19 of the Amended Complaint does not allege that the airbag

failed to deploy in Hallmark's accident - instead, it refers to a recall notice stating that "an incorrectly installed air bag inflator may not *properly* deploy . . . in the event of a crash" (emphasis added). Elsewhere, it alleges that "absent *some* malfunction of the airbag, Plaintiff could not have sustained such extensive injuries", and that "here . . . the precise cause of the injury cannot be determined". [2], ¶¶16, 23 (emphasis added).

Moreover, Hallmark does not address the numerous other defenses which Honda Development alleges. *See* Sibley v. Choice Hotels International, Inc., 304 F.R.D. 125, 131 (E.D.N.Y. 2015) ("[d]efendants, by filing an Answer that denies Plaintiff's allegations and raises fourteen affirmative defenses, have mounted a meritorious, although untested, defense . . . . In any event, whether the . . . Defendants[ ] have presented a meritorious defense is only one factor to consider, and the other two factors favor vacating the . . . default").

## CONCLUSION

For these reasons, Honda Development's motion to vacate the default is granted, and its Answer [25-8] will be deemed its operative pleading, without the need to refile.

**SO ORDERED.**

Dated: May 13, 2026

        /s/    Jeremiah J. McCarthy
        JEREMIAH J. MCCARTHY
        United States Magistrate Judge