LEWIS BRISBOIS

Luke S. Shemeth
140 Broadway, Suite 3100
New York, New York 10005
Luke.Shemeth@lewisbrisbois.com
Direct: 646.989.9460

August 25, 2026

Hon. Jeremiah J. McCarthy
United States District Court
Western District of New York
2 Niagara Square
Buffalo, NY 14202

Re: Michael Hallmark v. Honda of America MFG., Inc.
**1:23-cv-00981-LJV-JJM**

Dear Hon. Judge McCarthy:

Our office represents defendant Honda of America MFG., Inc. in this matter.

Pursuant to this Court's Case Management Order dated June 15, 2026 (*see* CM/ECF# 39), both parties were to exchange initial FRCP Rule 26 Disclosures by July 17, 2026, and an Initial Mediation was to be held by August 31, 2026. *Ibid.*

However, Plaintiff has to date failed to exchange initial FRCP Rule 26 Disclosures and this will cause a delay in the disclosure schedule. While the parties have agreed to mediate with mediator Kenneth Manning, and filed a stipulation advising the Court as such on August 4, 2026 (*see* CM/ECF# 40), and planned to hold the Initial Mediation on August 28, 2026, our office has not yet received FRCP Rule 26 Disclosures from Plaintiff, which makes it impossible for Honda to mediate by August 28. Without discovery we cannot evaluate liability and damages sufficient to mediate the case.

Accordingly, today we served a Good Faith Letter regarding the outstanding disclosures and discovery. Plaintiff responded by emailing Rule 26 Disclosures that were previously served on prior Co-Defendants at a time when Honda was out of the case. Plaintiff has taken the position that discovery served upon the prior West Herr Co-Defendants are close enough to be considered responsive to Honda. However since this is a products liability action, and the West Herr Defendants were the car dealer and Honda is the manufacturer, Plaintiff cannot plausibly recycle discovery in this manner. The discovery responses to West Herr (which are also quite stale in terms of damages and medical treatment) cannot be considered responsive to Honda.

Thus, Plaintiff's noncompliance will result in a delay of the current Case Management Order deadlines, starting with the Initial Mediation, since Honda still has not yet received Plaintiff's FRCP Rule 26 Disclosures that are specific to Honda.

We therefore respectfully seek an extension of time to conduct an Initial Mediation between the parties pending receipt of Plaintiff's FRCP Rule 26 Disclosures and to provide adequate time for us to review discovery that is responsive to Honda. Thereafter we would schedule a new date for the Initial Mediation with mediator Kenneth Manning, Esq., per his availability.

Depending on the outcome of the aforementioned, Counsel may seek a formal extension of the current Case Management Schedule under FRCP 6(b)(1), however, at this time, Counsel only seeks an extension of time to hold the Initial Mediation.

We appreciate the Court's consideration of this inquiry, and will continue to keep the Court apprised of Counsel's efforts to move this matter forward.

Thank you for Your Honor's time and attention to this matter.

Very truly yours,

Luke S. Shemeth and Nicholas Hurzeler of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CC: *CM/ECF*

*via EMAIL*
Baruch Gottesman, Esq.