**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL J. HALLMARK,<br><br>Plaintiff,<br><br>vs.<br><br>TAKATA CORPORATION, TK HOLDINGS, INC., AMERICAN HONDA MOTOR CO., INC., HONDA OF AMERICA MFG., INC., WEST HERR AUTO GROUP, WEST HERR DOE DEFENDANTS 1-3,<br><br>Defendants. | Case No. 1:23-cv-00981-LJV-JJM<br><br>**MEMORANDUM OF LAW** |

**I.**

**STATEMENT OF FACTS**

On May 13, 2026, the Honorable Jeremiah J. McCarthy issued a decision and order setting aside a prior default against the Defendant HDMA, and scheduled a Preliminary Pre-Trial Conference for June 15, 2026. (*see* CM/ECF Doc. No. 34 and 35).

At the current stage of this litigation Plaintiff and HDMA are the only remaining parties.

On June 15, 2026, Plaintiff and HDMA, through counsel, appeared for a telephonic Preliminary Court Conference with Judge McCarthy.

The parties and the Court agreed on a litigation schedule and the Court ruled, "Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) [to be] accomplished by no later than July 17, 2026" (Exhibit "B").

The Court advised all counsel that deadlines must be complied with, and that the extension of any deadline required a showing of "good cause" under FRCP 37 before the deadline expires.

Pursuant to the June 15, 2026, "Minute Entry" issued by the Court after the conference, it was reemphasized that "[t]he court instructs the parties that good cause must be shown to amend CMO dates" (Exhibit "A").

On July 17, 2026, Defendant served its Rule 26(a)(1) mandatory disclosures on Plaintiff.

Plaintiff did not exchange the mandatory FRCP 26(a)(1) discovery by the said deadline.

On August 4, 2026, Defendant in good faith reminded Plaintiff of the outstanding discovery and requested compliance (Exhibit "C"). Defendant advised Plaintiff of his outstanding Rule 26(a)(1) mandatory disclosures and requested that they be exchanged by August 12, 2026 (Exhibit "C").

The discovery was not exchanged by August 12.

On August 25, 2026, Defendant served a Good Faith Letter (Exhibit "D") on Plaintiff regarding the outstanding Rule 26(a)(1) mandatory disclosures.

Plaintiff responded by emailing Rule 26 Disclosures that were previously served on prior Co-Defendants, the West Herr Defendants, approximately one year ago and at a time when Defendant HDMA was not participating in the case.

By way of reminder, this is a product liability and motor vehicle personal injury case wherein Plaintiff alleges the Honda Accord he was driving at the time of the accident was defectively manufactured.

The West Herr Defendants were the car dealership that sold the car to the Plaintiff. As such, the Defendants are very differently situated in terms of liability claims and defenses.

Notwithstanding, Plaintiff took the position that it was acceptable to serve on HDMA copies of prior discovery exchanges directed to the West Herr Co-Defendants rather than discovery tailored to HDMA.

HDMA responded that it is entitled to Rule 26(a)(1) disclosures that are specifically directed to HDMA (Exhibit “E”).

That same day, HDMA E-filed a letter to the Court (Exhibit “F”), seeking an extension of the Initial Mediation deadline of August 31, 2026, due to Plaintiff’s failure to timely serve his Rule 26(a)(1) mandatory disclosures.

The Court responded to the letter by scheduling another phone conference for September 1, 2026.

During the conference, HDMA explained the situation and the Court agreed that HDMA had reserved the right to file an appropriate motion (Exhibit “G”).

The Court extended the Initial Mediation deadline to October 15, 2026.

Notably, Plaintiff’s counsel stated during the hearing on the record that he was not aware of what discovery HDMA had demanded or was owed. The court responded that the discovery is mandatory and listed in FRCP 26. Thus, it is apparent that Plaintiff’s counsel never reviewed either FRCP 26 or HDMA’s good faith letters.

To date, as of this writing, HDMA has not received Plaintiff’s Rule 26(a)(1) mandatory disclosures.

Based on the foregoing the record is clear that the discovery schedule agreed to by the parties and the Court on June 15, 2026 will be substantially delayed, at a minimum, solely because of Plaintiff’s neglect of the matter.

The entire schedule is being held up due to the missing initial disclosures. Each date in the schedule will be impacted by the failure to exchange discovery that is continuing and ongoing.

**II.**

## ARGUMENT

### PLAINTIFF'S FAILURE TO SERVE TIMELY FRCP 26 MANDATORY DISCLOSURES WARRANTS PENALTIES UNDER FRCP 37(b) and (c)

Under Federal Rules of Civil Procedure ("FRCP") 26(a)(1), "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

Under Federal Rules of Civil Procedure ("FRCP") 37(b)(2)(A), "If a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

Under Federal Rules of Civil Procedure ("FRCP") 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The party seeking Rule 37 sanctions bears the burden of merely showing that the opposing party failed to timely disclose information. See *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011). Thus, "Rule 37(c)(1)'s preclusionary sanction is automatic absent a determination of either substantial justification or harmlessness." *Innis v. Arden Golf Club v. Pitney Bowes, Inc.*, 2009 U.S. Dist. LEXIS 125609, 2009 WL 5873112 at *2.

The purpose of this rule is "to prevent the practice of 'sandbagging' an adversary with new evidence." See Rit*chie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) ("Ritchie Risk") (quoting *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)).

Here, the above procedural history and exhibits plainly show that Plaintiff has to date failed to exchange the FRCP 26 disclosures that were required two months ago.

Further, Plaintiff cannot demonstrate a "substantial justification" for the long delay. Plaintiff ignored good faith correspondence via email on August 4, 2026, (Exhibit "C"), a Good Faith Letter dated August 25, 2026 (Exhibit "D").

Then the parties discussed the matter at the September 1, 2026, telephonic Court Conference. Plaintiff has never sought an extension of the deadline to serve Rule 26(a)(1) mandatory disclosures, and has not served them. It was apparent during the September 1 conference that Plaintiff's counsel never even reviewed FRCP 26, therefore Plaintiff cannot establish "good cause" since the reason for the delay is neglect of the matter.

Purported Rule 26(a)(1) disclosures served by Plaintiff on August 25, 2026, are addressed and specific to prior co-defendants West Herr, who is – upon information and belief – a car dealership. Plaintiff is bringing claims against Defendant HDMA from a "products liability" standpoint, and Rule 26(a)(1) disclosures must be specifically directed to Defendant HDMA based on its role as the vehicle manufacturer.

At the Court Conference held on September 1, 2026, when asked by the Court of Plaintiff's counsel's failure to provide Rule 26(a)(1) mandatory disclosures, no "good cause" or "substantial justification" was provided, and this Court reserved Defendant's rights with respect to the untimely and improper disclosures. (Exhibit "G")

HDMA submits that the foregoing demonstrates a clear pattern of neglect thereby warranting relief under FRCP 37, especially since, as of this writing, the discovery remains outstanding and no request for an extension of time has been submitted by the Plaintiff.

The status quo, if allowed to continue, will irreparably harm the current discovery schedule that cannot proceed in the normal course so long as Plaintiff continues to neglect the matter.

## III.

## CONCLUSION

Based on the above, Defendant respectfully requests that the Court grant the instant motion pursuant to FRCP 37 for an order:

(c) Granting penalties pursuant to FRCP 26 and FRCP 37(b) based on Plaintiff's failure to comply with this Court's Amended Case Management Order (*see* CM/ECF Doc. No. 39) by failing to exchange FRCP 26 Mandatory Disclosures by the ordered deadline of July 17, 2026; and

Any further relief as the Court deems just and proper.

Dated: New York, New York
September 18, 2026

____________________________________

LUKE S. SHEMETH, ESQ.
NICHOLAS HURZELER, ESQ.