# EXHIBIT B

Case 1:23-cv-00981-LJV-JJM Document 59 Filed 09/18/26 Page 2 of 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL J. HALLMARK,

Plaintiff,

v.

HONDA OF AMERICA MFG., INC., *et al.*,

Defendants.

---

**AMENDED CASE MANAGEMENT ORDER**

1:23-cv-00981-LJV-JJM

Pursuant to the order of Hon. Lawrence J. Vilardo referring the above case to me for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. ("Rule") 16(b) and Local Rule 16, and a conference with counsel having been held on June 15, 2026, it is ORDERED that:

1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

2. Motions to opt out of ADR shall be filed by no later than **July 6, 2026.**

3. Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than **July 17, 2026**.

4. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court by no later than **July 31, 2026.** If the parties do not

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

Case 1:23-cv-00981-LJV-JJM Document 43 Filed 06/15/26 Page 2 of 3

file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with §5.4(C)(2) of the ADR Plan.

5. All motions or stipulations to join other parties and to amend or supplement the pleadings shall be filed by no later than **July 31, 2026.**

6. The initial mediation session shall be held by no later than **August 31, 2026**. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

7. All fact discovery shall be completed by no later than **October 30, 2026.** If discovery disputes arise, the parties shall briefly outline the dispute by letter (not to exceed four single-spaced pages) e-mailed to chambers and opposing counsel (or mailed/e-mailed to unrepresented parties). Upon review of the letter, I will either schedule a conference with the parties to attempt to resolve the issue informally, or, if the issues in dispute are beyond what can productively be addressed in an informal discovery conference, I will set a deadline for an appropriate motion. If a discovery conference is scheduled and the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. Since the informal discovery dispute resolution process is not expedited motion practice, parties do not waive arguments by failing to raise them in their informal submissions. However, utilizing this informal discovery process does not act to automatically toll proceedings, including Case Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

8. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by

no later than **December 18, 2026.** Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **February 15, 2027.**

9. All expert depositions shall be completed by no later than **March 31, 2027**.

10. Pretrial dispositive motions, including motions pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), shall be filed by no later than **May 19, 2027**. Such motions shall be made returnable before the Magistrate Judge. The parties are directed to provide a courtesy copy of all motion papers to the Court.

11. If no pretrial dispositive motions are filed, the parties shall contact Judge Vilardo's chambers by **May 26, 2027** to schedule a trial date.

**No extension of the above deadlines will be granted except upon a motion showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). The parties' consent to the extension does not by itself constitute good cause.**

**SO ORDERED**.

Dated: June 15, 2026

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge