UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL J. HALLMARK,

Plaintiff,

v.

HONDA OF AMERICA MFG., INC., *et al.*,

Defendants.

**SECOND AMENDED CASE MANAGEMENT ORDER**

1:23-cv-00981-LJV-JJM

With good cause shown, the defendant's unopposed motion for extension of time to complete discovery [50] is granted. The Amended Case Management Order [39] is amended as follows:

1. The initial mediation session shall be held by no later than **December 16, 2026**. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

2. All fact discovery shall be completed by no later than **February 5, 2027.** If discovery disputes arise, the parties shall briefly outline the dispute by letter (not to exceed four single-spaced pages) e-mailed to chambers and opposing counsel (or mailed/e-mailed to unrepresented parties). Upon review of the letter, I will either schedule a conference with the parties to attempt to resolve the issue informally, or, if the issues in dispute are beyond what can productively be addressed in an informal discovery conference, I will set a deadline for an appropriate motion. If a discovery conference is scheduled and the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. Since the informal discovery dispute resolution process is not expedited motion practice, parties do not waive arguments by failing to raise them in their informal submissions. However, utilizing this

informal discovery process does not act to automatically toll proceedings, including Case Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

3. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **March 26, 2027.** Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **May 28, 2027.**

4. All expert depositions shall be completed by no later than **July 16, 2027**.

5. Pretrial dispositive motions, including motions pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), shall be filed by no later than **September 10, 2027**. Such motions shall be made returnable before the Magistrate Judge. The parties are directed to provide a courtesy copy of all motion papers to the Court.

6. If no pretrial dispositive motions are filed, the parties shall contact Judge Vilardo's chambers by **September 17, 2027** to schedule a trial date.

**No extension of the above deadlines will be granted except upon a motion showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the**

**diligence of the moving party". Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). The parties' consent to the extension does not by itself constitute good cause.**

**SO ORDERED**.

Dated: October 9, 2026

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge